[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10006
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cr-00020-VMC-AEP-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALGENIS MENDEZ-QUINONES,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 4, 2020)

Before WILSON, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Bryant Camareno, appointed counsel for Algenis Mendez-Quinones in this

direct criminal appeal, has moved to withdraw from further representation of

Mendez-Quinones and filed a brief pursuant to Anders v. California, 386 U.S. 738,

87 S. Ct. 1396 (1967).  Our independent review of the entire record reveals that

counsel's assessment of the merit of the appeal is correct.  Because independent

examination of the record reveals no arguable issues of merit, counsel's motion to

withdraw is **GRANTED**, and Mendez-Quinones's conviction and sentence are

**AFFIRMED**.[1]

---

[1] Mendez-Quinones responded to Camareno's motion to withdraw and expressed a desire to bring a claim for ineffective assistance of counsel.  "Except in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance of counsel on direct appeal."  United States v. Verbitskaya, 406 F.3d 1324, 1337 (11th Cir. 2005).  "Instead, an ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255."  United States v. Merrill, 513 F.3d 1293, 1308 (11th Cir. 2008) (alteration adopted and quotation marks omitted).  As the record in Mendez-Quinones' case is not sufficiently developed at this stage, we express no view on the merits of his potential ineffective assistance claim.